# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CIRILO LOPEZ ROMERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:06CV167 |
| | ) | 1:00CR362-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cirilo Lopez Romero, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has moved to dismiss the motion because it was not timely filed. Petitioner has responded to the motion to dismiss. The matter is now ready for ruling.

Petitioner pled guilty to conspiring to distribute cocaine hydrochloride and to money laundering. (Docket nos. 1, 156 (criminal case)) The court sentenced him to a total of 282 months in prison by judgment entered on October 9, 2001. (Id. docket no. 213) Petitioner appealed, but the Fourth Circuit affirmed the judgment. (Id. docket no. 252) The Supreme Court denied certiorari on December 2, 2002. (Id. docket no. 265)

Petitioner then filed this motion. (Docket no. 1)[1] He raises one ground for relief contending that this court never acquired subject matter jurisdiction to impose

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

an enhanced sentence and that his sentence is excessive under United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004). (Id. at 5)

**DISCUSSION**

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of 1) the denial of a petition for certiorari to the United States Supreme Court, or 2) the expiration of the time for seeking such review. Clay, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals.

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

SUP. CT. R. 13(1). Resentencing, or the possibility of resentencing, under FED. R. CRIM. P. 35(b) does not extend the date on which the conviction becomes final. United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001).

Petitioner's judgment became final on December 2, 2002, when the Supreme Court denied certiorari. Clay, 537 U.S. 522. This section 2255 motion is dated January 12, 2006. (Docket no. 1) Under subsection one of section 2255, Petitioner's motion was therefore not timely filed. Only if another subsection gives him more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion; therefore, subsection two does not give Petitioner a longer limitation period.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies upon Booker and Blakely. The Fourth Circuit has recently held that Booker was a "new rule" of criminal procedure under Teague v. Lane, 489 U.S. 288 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before

Booker (or Blakely) was decided."[3] United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Petitioner's conviction became final in 2002 before the Supreme Court decided Booker in 2005. Because Booker may not be applied retroactively in this proceeding, subsection three does not give Petitioner a longer limitation period.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner does not claim that he could not have timely discovered the facts underlying his claims, and the court finds that he could have discovered the facts by the time his conviction became final. Subsection four therefore does not give him a longer limitation period.

Petitioner contends that his motion is timely under subsection three of section 2255. As the above discussion shows, however, this argument does not have merit. Petitioner also cites Dodd v. United States, 545 U.S. 353 (2005). (Docket no. 1 at 13) Dodd considered the issue of when the limitation period began to run where the case being relied upon was retroactively applicable. Because Booker is not retroactively applicable this question does not arise in this case, and Dodd does not help Petitioner. Finally, Petitioner's claim has no effect on the court's jurisdiction over his case; it is a non-jurisdictional claim of an error in sentencing. See United

---

[3] The court also made clear that it is the date that Booker rather than Blakely was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date Booker issued is appropriate dividing line because Blakely reserved decision about the federal sentencing guidelines), cert. denied, 126 S.Ct. 288 (2005)).

-4-

Case 1:06-cv-00167-NCT-WWD   Document 6   Filed 07/05/06   Page 4 of 5

States v. Cotton, 535 U.S. 625, 630-31 (2002) (finding that court's subject matter jurisdiction not affected by defective indictment).

Petitioner's motion was not timely filed under any subsection of section 2255, and it should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 3) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED**, and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
July 5, 2006